IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ANDREW L. JAMISON                                                         PETITIONER

V.                                    CIVIL ACTION NO. 2:09CV219-NBB-JAD

MDOC STATE OF MISSISSIPPI, et al.                           RESPONDENTS

## REPORT AND RECOMMENDATION

Andrew Jamison filed a writ of mandamus which is a petition for writ of habeas corpus. In his pleading he seeks to compel the Mississippi Department of Corrections to provide him with credit for time served in a county jail while awaiting trial and also a 15% credit on his sentence for earned time. He contends that these times have not been properly credited to his time sheet. Additionally, he has challenged the constitutionality of the earned release supervision program under which MDOC inmates receiving the 15% earned time credit are released. Jamison claims he is denied participation in the program because he was a resident of the State of Tennessee prior to his arrest and incarceration. He claims this denial is a violation of the Equal Protection Clause of the United States Constitution.

The respondents have filed a motion to dismiss asserting initially that Jamison has neglected to exhaust his remedies in the state court on each of his claims and that those claims are now procedurally barred in state court. Respondents urge the court to deny the claim on the merits, asserting that Jamison has been properly credited both for his time served prior to his sentencing and for the 15% earned time credit. They assert that Jamison is eligible to participate in the earned release supervision program, so long as he obtains suitable in state housing and/or is approved for an in state transition center. He just cannot be released to the state of Tennessee.

It is clear that Jamison has failed to exhaust his remedies. The petitioner is required to exhaust his state remedies and to present all issues to the highest state court, 28 U.S.C.§ 2254 (b)(1). He must do so in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Jamison exhausted his claims regarding the crediting of time through MDOC's Administrative Remedy Program (ARP). The next step should have been to file for judicial review in either the Sunflower County or the DeSoto County circuit courts. Jamison was required to file for judicial review within 30 days of the completion of the ARP process. Instead, Jamison filed directly with the Mississippi Supreme Court which dismissed the claims without prejudice. His claim regarding the application of the earned release supervision program was not pursued by Jamison after the first of the three ARP steps. Because he has not pursued his remedies in state court in a timely and procedurally proper manner, his claims are now procedurally defaulted under Mississippi law. "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v Anderson*, 143 F.3d 942, 947(5th Cir. 1998) citing *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997). Jamison makes no showing of any cause external to him for his failure to exhaust his claims under Mississippi law and thus his failure to exhaust cannot be excused. Relief cannot be granted as all claims in the petition are unexhausted.

Additionally, Jamison's claims lack merit and the petition should be dismissed with prejudice. Jamison received a 10-year sentence for attempted armed robbery with seven years suspended. Jamison correctly understands that this sentence was to be served day for day without

2

any earned time credit or any trusty credit. Jamison also received a second sentence of five years consecutive to the three year sentence..

There are three potential areas germane to this case where credits may be applied to an inmate's sentence. The first area is the crediting of pretrial jail time against the sentence. Jamison states that he was extradited from Memphis, Tennessee on May 25, 2005. He was sentenced on January 18, 2006. The trial court order provided a credit of 238 days for the time served in the county jail prior to the imposition of sentence. This credit has the effect of pushing the beginning date of the sentence back to the beginning of pretrial detention. Jamison claims that he has not received this credit but at the same time states that his mandatory three-year sentence ran from May 25, 2005 until May 25, 2008. Jamison has been credited day-for-day for his entire pretrial detention against the first of his two sentences. His claim to the contrary is without merit.

Mississippi has two programs under which inmates may shorten their time in prison. Under Miss. Code Ann. § 47-5-138 the Mississippi Department of Corrections can provide a good time credit to certain offenders on good behavior for up to 15% of their sentences. Inmates receiving this credit are placed in the earned release supervision program from the date of their early release until the end of their sentences. The parties are in agreement that Jamison cannot be released to his home state under this program. Inmates on the earned release supervision program, while given additional freedoms, remain inmates of the Mississippi Department of Corrections, and as such are subject to being returned to prison by administrative disciplinary procedure, as opposed to judicial revocation. Miss. Code Ann. § 47-5-138(6). A review of a recent time sheet for Jamison (See Doc. 14-4) dated April 28, 2010, shows that Jamison has in fact been given an early release date (ERS date) of 10/02/2010. His maximum date of discharge is 5/23/2013, representing the expiration of his

sentence on a day-for-day basis. There are 274 days between the early release date and the maximum discharge date. Fifteen percent of Jamison's five year sentence equals this 274 days. Jamison has thus been provided the maximum credit allowed by law. If he continues with his good conduct and otherwise meets the requirements for earned release supervision he may be released in Mississippi after serving only 85% of his sentence. This claim lacks merit.

Mississippi law allows reduction of sentences for inmates granted trusty status. Jamison has been in trusty status since August 20, 2008, a few months after the expiration of his mandatory sentence. He acknowledges that he was not eligible for trusty status while serving the mandatory sentence. The trusty program is established under § 47-5-138.1 Miss. Code Ann. Trusty inmates receive 30 days reduction of sentence for each 30 days of participation during any calendar month in an approved program while in trusty status. The trusty time is subtracted from the maximum sentence date to establish a tentative discharge date. Tentative discharge dates change every month so long as the inmate remains a trusty. As of April 28, 2010, Jamison's time sheet shows that he had earned a total of one year and 325 days credit as a trusty. This time was subtracted from the maximum discharge date of May 23, 2013 to provide him with a tentative discharge date of July 3, 2011. It therefore appears that the trusty time is being properly credited to him and that he should be released substantially before the expiration of his sentence either in the earned time early release program or by virtue of time credited to him as trusty.

Finally, Jamison claims he was told he could not participate in the earned release program because he was a nonresident state of Mississippi at the time of his arrest. The respondents do not deny that he may have been told this by some member of the staff of the Mississippi Department of Corrections, but state that Jamison can participate in this program if he remains in the state. This

is in accordance with the provisions of § 47-5-139 Miss. Code Ann. This statute makes certain inmates ineligible for earned time allowance including those sentenced to life in prison and those convicted as habitual or sex offenders. No statutory provision limits the early release program to inmates who were residents of Mississippi prior to their incarceration. Given that inmates on the early release program remain inmates with the Mississippi Department of Corrections, the requirement that they remain physically in the state until the expiration of their sentences is a reasonable requirement and imposed on all inmates in the program. Given the proximity of Memphis to the Mississippi state line, requiring Jamison to remain in this state if he elects to pursue participation in the program is certainly no particular burden on him. Jamison has failed to show that he has an equal protection claim.

The undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C.§ 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

The petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead

to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 22nd day of June, 2010.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE